# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH HIGGINS** | : | |
| 901 Monroe Avenue | : | **Civil Action No.** |
| Scranton, Pa. 18510 | : | |
| **Plaintiff** | : | |
| vs. | : | |
| | : | **JURY TRIAL DEMANDED** |
| **GRUMA CORPORATION, TECNO** | : | |
| **MAIZ, S.A. de C.V., GRUMA S.A.B.** | : | |
| **de C.V.,** | : | |
| | : | |
| **Defendants** | : | |

## CIVIL ACTION - COMPLAINT

The Plaintiff, Joseph Higgins, by and through his undersigned counsel, hereby complains of the Defendants as follows:

I.   PARTIES

1.   The Plaintiff, Joseph Higgins, is an adult individual residing at 901 Monroe Avenue, Scranton, Lackawanna County, Pennsylvania.

2.   The Defendant, Gruma Corporation, is a corporation with its principle place of business located at 1159 Cottonwood Lane, Irving, Texas 75838 and is licensed to do business in Pennsylvania.

3.   The Defendant, Tecno Maiz, S.A. de C.V., is a Mexican corporation with a principal place of business located at Ruiz Cortinez 2002 Ote., Colonia la Purisima, Guadalupe, Nuevo Leon, Mexico, 67129.

4.	The Defendant, Gruma S.A.B. de C.V., is a Mexican corporation with a principal place of business located at Calzada del Valle No. 407, Col. Del Valle, San Pedro Garza, Garcia, C.P. 66220, Monterrey, N.C.

II.	VENUE AND JURISDICTION

5.	The Court of the Middle District of Pennsylvania has jurisdiction over this matter pursuant to 28 U.S.C. §1332(c)(1) in which a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principle place of business. Under this provision, the court has exclusive jurisdiction of civil matters where the sums exceed $75,000 and is between citizens of different states.

6.	Venue is appropriate in the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391(c) in that the events or admissions giving rise to this claim occurred in the Middle District of Pennsylvania.

III.	FACTS

7.	On October 3, 2007, Plaintiff, Joseph Higgins, was employed at Mission Foods which is located at 15 Elmwood Ave., Mountain Top, Luzerne County, PA 18707.

8.	In connection with his employment with Mission Foods, Mr. Higgins was attempting to remove dough balls out of a tortilla maker machine designed, manufactured, distributed, sold and/or marketed by the Defendants.

9. At all times relevant hereto, Defendants were in the business of designing, manufacturing, distributing, selling and/or marketing machinery used to make tortillas.

10. In conjunction with their business, Defendants designed, manufactured, distributed, sold and/or marked certain tortilla making machinery including the above-referenced machine to Mission Foods which is located in Luzerne County, Pennsylvania.

11. At all times relevant hereto, Defendants acted through their duly authorized agents, servants and employees, who acted in the scope of their employment and in furtherance of the business of the Defendants.

12. The aforementioned tortilla maker was delivered to Missions Foods in the same condition it was in when purchased from Defendants and was not altered in any way prior to the accident.

13. At all times relevant hereto, any additions and/or alterations to the tortilla maker were made by the Defendants, by and through their agents, servants and/or employees.

14. On the aforesaid date, Plaintiff, Joseph Higgins was attempting to remove dough balls out of the tortilla maker machine when his left sleeve got caught on an exposed chain link. This chain link was located inside a casing and the door to this casing was left open, exposing the chain.

15. As a result, Mr. Higgins' left arm was clamped down and was severely and permanently injured at nip point.

16. Solely as a result of the carelessness and negligence of the Defendants, the Plaintiff, Joseph Higgins, suffered painful and permanent injuries including, but not limited to the following:

(a) Complex laceration of the left arm with transection of radial and musculocutaneous nerves, biceps tendon and extensor muscle mass which required irrigation and debridement of the biceps tendon, brachialis tendon, flexor pronator mass and enclosure of complex traumatic wound. Also required left musculocutaneous nerve repair, left radial nerve repair and left extensor mass epimysium repair;

(b) Scarring of the left forearm;

(c) Numbness and tingling in the left arm and hand; and

(d) Decreased range of motion of the left wrist.

17. Solely as a result of the conduct of the Defendants, Mr. Higgins has endured physical and mental pain and suffering and upon information and belief, will continue to suffer physical and mental pain in the future.

18. Solely as a result of the conduct of the Defendants, Mr. Higgins sustained scarring to his body and permanent disfigurement.

19. Solely as a result of the conduct of the Defendants, Mr. Higgins has sustained a loss of earnings and future earning capacities.

20. Solely as a result of the conduct of the Defendants, Mr. Higgins has

incurred medical expenses and upon information and belief, will continue to incur additional medical expenses for an indefinite time into the future; a claim for such damages is hereby made. Additionally, a lien with regard to a workers compensation carrier is being exerted on this matter in the amount of $101,138.51.

21.     Solely as a result of the Defendants' conduct, Mr. Higgins sustained psychological difficulties and problems, and upon information and belief, will continue to suffer psychological difficulties and problems for an indefinite time into the future.

22.     Solely as a result of the Defendants' conduct, Mr. Higgins has endured pain and suffering and emotional stress, humiliation, embarrassment and loss of the enjoyment of life, and, upon information and belief, will continue to do so for an indefinite time in the future.

23.     The above-referenced tortilla making machine was designed, manufactured, distributed, sold and/or marketed when Defendants knew that a dangerous condition existed or should have known through the exercise of reasonable care.

# COUNT I

## JOSEPH HIGGINS vs. GRUMA CORPORATION, TECNO MAIZ, S.A. de C.V., GRUMA S.A.B. de C.V.

### STRICT LIABILITY

### PRODUCT LIABILITY

24. The Plaintiff herein incorporates by reference the averments contained in paragraphs 1 through 23 of this Complaint by reference as if each were set forth fully at length.

25. The aforementioned machinery was unreasonably dangerous at the time it left Defendants' possession in that it was designed, manufactured, distributed, sold and/or marketed:

    a. Leaving the nip point exposed where the drive chain passed around the idle sprocket;

    b. Designing the machine without any guarding at the nip points;

    c. Failing to maintain any guarding systems for the nip point of the drive chain;

    d. Manufacturing the machine without any guarding at the nip points;

    e. With a design that exposed the nip points;

    f. Failing to guard, protect or cover the nip points;

    g. With a design that allowed an individual's hand or arm to come in contact with the nip point of the drive chain;

    h. Failing to utilize a hinged interlock guard over the opening which

      would prevent the exposed side from being accessed while the machine was being operating;

i.     Failing to have installed an excessive emergency shut off;

j.     Failing to provide and/or post any warning signs regarding the exposed nip points; and

k.     Failing to have installed an excessive emergency shut off.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount in excess of the $75,000 jurisdictional limits for diversity jurisdiction together with cost, delay damages, prejudgment and post judgment interest as the law may allow.

## COUNT II

### JOSEPH HIGGINS vs. GRUMA CORPORATION, TECNO MAIZ, S.A. de C.V., GRUMA S.A.B. de C.V.

### NEGLIGENCE

26.     The Plaintiff herein incorporates by reference the averments contained in paragraphs 1 through 25 of this Complaint by reference as if each were set forth fully at length.

27.     The Defendants' conduct was negligent and careless in that it:

a.     Left the nip points exposed where the drive chain passed around the idle sprocket;

b.     Failed to maintain any guarding systems for the nip point of the drive chain;

c.  Designed and manufactured the machine that exposed that nip points;

d.  Failed to guard, protect or cover the nip points;

e.  Designed a machine that allowed an individual's hand or arm to come in contact with the nip point of the drive chain;

f.  Failed to utilize a hinged interlock guard over the opening which would prevent the exposed side from being accessed while the machine was being operating; and

g.  Failed to have installed an excessive emergency shut off;

h.  Permitted the above described dangerous condition to exist when the Defendants knew or should have known through the exercise of reasonable care the dangers posed to the users of the machinery;

i.  Failed to provide warnings and/or adequate warnings regarding the dangers associated with the unprotected nip points;

j.  Failed to protect members of the public, including Joseph Higgins, from the unprotected nip points;

k.  Failed to give proper training, instructions and/or education to its agents and employees as well as its customers regarding the dangers associated with the unprotected nip points; and

l.  Failed to establish and implement procedures to ensure that the machinery was free from any unguarded nip points.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount in excess of the $75,000 jurisdictional limits for diversity jurisdiction together with cost, delay damages, prejudgment and post judgment interest as the law may allow.

DOUGHERTY, LEVENTHAL & PRICE, LLP

 Brian J. Walsh /s/

BRIAN J. WALSH, ESQUIRE
459 Wyoming Avenue
Kingston, Pa. 18704
(570) 288-1427

Case 3:09-cv-01439-RDM Document 1 Filed 07/24/2009 Page 9 of 10