**LAW OFFICES OF THOMAS J. KELLEY & ASSOCIATES**
THOMAS J. KELLEY, ESQUIRE                              Attorney for Defendants
IDENTIFICATION NO. 24777
50 GLENMAURA NATIONAL BLVD, STE. 300
MOOSIC, PA 18507
(570) 343-6570

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Joseph Higgins, | : | JURY TRIAL DEMANDED |
| Plaintiff | : | CIVIL ACTION – LAW |
| vs. | : | (Judge A. Richard Caputo) |
| Gruma Corporation, Tecno Maiz, S.A. de C.V., Gruma S.A.B. de C.V., | : | Docket No.: 3:09 CV 01439 |
| Defendants | : | Electronically Filed |

**DEFENDANT GRUMA CORPORATION'S
BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**I.   FACTUAL BACKGROUND**

Plaintiff, Joseph Higgins instituted this action seeking damages for personal injuries sustained in a work place accident on October 3, 2007 while employed in the maintenance department of Mission Foods in Mountaintop, Pennsylvania. More specifically, Plaintiff alleges that his arm was caught in moving machinery when he reached into a "Proofer" machine which was part of a production line at the Mission Foods plant.

At the time of the accident, Plaintiff was employed at a Mission Foods' facility. Mission Foods is a fictitious name registered to Plaintiff's employer, Gruma Corporation. As a result of his accident, Plaintiff applied for and received workers' compensation benefits from Gruma Corporation in accordance with the Pennsylvania Workers' Compensation Act.

In accordance with the provisions of the aforementioned act, Plaintiff's exclusive remedy against Defendant Gruma Corporation is the receipt of workers' compensation benefits. Gruma is otherwise immune from suit, including the instant action.

**II.       ISSUE PRESENTED**

Is Defendant, Gruma Corporation immune from suit pursuant to the exclusive remedy provisions of the Pennsylvania Workers' Compensation Act?

**SUGGESTED ANSWER:**

**IN THE AFFIRMATIVE.**

**III.      STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56 (c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories or admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The Supreme Court has recognized that the moving party "bears the initial responsibility of informing the district court of the basis for its motion, in identifying those portions . . . which it believes demonstrates the absence of a genuine issue of material fact." _Celotex Corp. v. Catrett_, 477 U.S. 317, 323 (1986). After the moving party has filed a properly supported motion, the burden shifts to the non-moving party to "set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). An issue is material only if it could affect the result of the suit under governing law. _Anderson v. Liberty Lobby_, 477 U.S. 242, 249 (1986). All facts and inferences must be viewed in a light most favorable to the non-movant. _Matsushita Elec. Indus. Co. Limited v. Zenith Radio Corp._, 475 U.S. 574, 587 (1986). The non-movant must supply sufficient evidence and not mere allegations, for a reasonable jury to find in its favor. _Olsen v. General Electric Astrospace_, 101 F.3rd 947, 951 (3rd Cir. 1996). The non-movant must base his opposition on concrete evidence in the record. _Celotex_ at 322-23. The failure of the non-movant to cite such evidence entitled the moving party to summary judgment.

**III.     LEGAL ANALYSIS**

The Pennsylvania Workers' Compensation Act provides at 77 P.S. § 481 entitled Exclusiveness of Remedy; Actions by and Against Third Parties; Contract Indemnifying Third Party as follows:

> "(a)   The liability of an employer under this act shall be exclusive and in place of any and all liability to such employees, whose legal representative, husband or wife, parents, dependants, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in Section 301(c)(1) and (2) where occupational disease as defined in Section 108.
>
> (b)   In the event injury or death to an employee is caused by a third party, then such employee, his legal representative, husband or wife, parents, dependants, next of kin, and anyone otherwise entitled to receive damages by reason thereof, to bring their action of law against such third party, but the employer, his insurance carrier, their servants and agents, employees, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contributions or indemnity in any action at law or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action."

Here, Joseph Higgins has sued his employer, Gruma Corporation for damages arising from an injury sustained in the course and scope of his employment. Plaintiff had hereinbefore applied for and received workers' compensation benefits from his employer, Gruma Corporation. The law is clear that an injured claimant cannot maintain a tort action against his employer if the injury is compensable under the Workers' Compensation Act. <u>Dennis v. Kravco</u>, 761 A.2d 1204 (Pa. Super. 2000). Accordingly, under the aforementioned provisions, Gruma Corporation enjoys immunity from suit and summary judgment is appropriate in its favor.

        **LAW OFFICES OF THOMAS J. KELLEY**

        <u>/S/ Thomas J. Kelley, Esquire</u>
        Thomas J. Kelley, Esquire
        50 Glenmaura National Boulevard
        Third Floor, Glenmaura Professional Plaza
        Moosic, PA 18507
        (570) 343-6570; (570) 343-5183 (fax)
        <tkelley@travelers.com>
        ID No. 24777